```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**FIRST GUARANTY BANK**                                    **CIVIL ACTION**

**VERSUS**                                                 **NO. 06-3497**

**BANCINSURE, INC.**                                       **SECTION B(5)**

                          ORDER AND REASONS

     Before the Court is Defendant BancInsure, Inc.'s Motion to Alter or Amend Judgment under Rule 59(e). (Rec. Doc. No. 77).  For the following reasons, the motion is **DENIED**.

     The Court should refrain from altering or amending a ruling or judgment under Rule 59(e) of the Federal Rules of Civil Procedure unless one of the following grounds is present: (1) the judgment is based upon manifest errors of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) manifest injustice will result; or (4) an intervening change in controlling law has occurred.  *See* 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 125-27 (1995) ("Wright & Miller").  "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. Oct. 10, 2001); Wright & Miller, § 2810.1 at 127-28; *and Clay v. Daichi Shipping*, 2000 WL 6269, at *1 (E.D. La. Jan. 5, 2000).  Further, recycled arguments – previously rejected by the court – serve only to waste judicial

resources. *See Self*, 172 F. Supp. 2d at 816; and *Louisiana v. Sprint Communications, Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

Altering, amending, or reconsidering a judgment is an extraordinary measure, which courts should use sparingly. *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)(noting that the standards applicable to Rule 59(e) favor the denial of motions to alter or amend a judgment); *see also* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 124 (1995). Accordingly, rulings should only be reconsidered "where the moving party has presented substantial reasons for consideration." *Id.*; *see also Baustian v. Louisiana*, 929 F. Supp. 980, 981 (E.D. La. 1996). The Court must balance between two competing interests: the desire to achieve and maintain a final judgment and the desire to reach a just decision based upon the evidence. The *Freeman* court instructed the Court to consider the following in striking the balance: "the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the non-movant before she responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." 142 F.3d at 853.

The arguments presented do not satisfy the criteria imposed by the Fifth Circuit to justify the granting of Rule 59(e) relief.

Defendant has failed to show that the court must correct a manifest error of law or fact, that it has newly discovered or previously unavailable evidence, that the court must prevent a manifest injustice, or that an intervening change in controlling law has occurred since the time of the ruling. Finding that Defendant has not provided the Court any basis for altering its ruling or judgment,

**IT IS ORDERED** that the motion is **DENIED.**

New Orleans, Louisiana, this 25th day of May, 2007.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE